**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000450**
**29-JUN-2018**
**08:28 AM**

NO. CAAP-16-0000450

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHANELLE N. CATEIL, Plaintiff-Appellee,
and
PAZ R. CATEIL, Plaintiff-Appellant,
v.
HAWAII PACIFIC UNIVERSITY, Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0582)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant Paz Cateil (Cateil) appeals from
the "Amended Judgment," filed on May 27, 2016, the "Order
Granting in Part and Denying in Part Defendant Hawai'i Pacific
University's Motion for Partial Dismissal of Plaintiffs'
Complaint (Filed May 12, 2015)," filed on August 26, 2015, which
granted summary judgment in favor of Defendant-Appellee Hawai'i
Pacific University (HPU), and the "Amended Order Granting in Part
and Denying in Part Plaintiff Paz Cateil's Motion for
Reconsideration of Order on Defendant's Motion for Partial
Dismissal, or, in the Alternative for Rule 54(b) Certification,"
filed on December 30, 2015, in the Circuit Court of the First

Circuit (circuit court).[1]

On appeal, Cateil contends that the circuit court committed reversible error when it: (1) treated HPU's motion to dismiss as a motion for summary judgment; (2) granted summary judgment in favor of HPU despite HPU's failure to meet its initial burden of production; and (3) granted summary judgment before granting Cateil's request for a continuance to conduct discovery pursuant to Rule 56(f) of the Hawai'i Rules of Civil Procedure (HRCP).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand for further proceedings.

(1) Cateil asserts that the circuit court improperly treated HPU's motion to dismiss as a motion for summary judgment. We disagree. HRCP Rule 12(b) provides in relevant part:

> If, on a motion asserting the defense . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Pursuant to HRCP Rule 12(b), the Hawai'i Supreme Court has repeatedly held that a motion seeking dismissal of a complaint "transform[s] into a [HRCP] Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings." Buscher v. Boning, 114 Hawai'i 202, 212, 159 P.3d 814, 824 (2007); Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006); see also Gamino v. Greenwell, 2 Haw. App. 59, 62, 625 P.2d 1055, 1058 (1981) (Where "matters outside the pleading [a]re presented to and not excluded by the court, the [HRCP Rule 12(b)(6)] motion . . . automatically convert[s] into a [HRCP Rule 56] motion.").

---

[1] The Honorable Karen T. Nakasone presided.

In the instant case, the circuit court clearly articulated that because it was considering a declaration of Cateil, a "matter[] outside the pleading being presented," it was treating HPU's motion to dismiss as a motion for summary judgment. We find it particularly noteworthy that at the hearing on HPU's motion for partial dismissal of Cateil's complaint, HPU argued that because Cateil had submitted declarations in opposition to the motion to dismiss, "the proper standard is the Rule 56 summary judgment motion standard" and "the Court should now treat [the motion to dismiss] as a motion for summary judgment." Accordingly, the circuit court did not err in treating HPU's motion to dismiss as a motion for summary judgment.

(2) Cateil further argues that the circuit court erred in granting summary judgment in favor of HPU despite HPU's failure to meet its initial burden of production. Because HPU's motion to dismiss transformed into a motion for summary judgment, HPU accordingly was required to meet the requirements for a summary judgment movant.

> [A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial. Where the movant attempts to meet his or her burden through the latter means, he or she must show not only that the non-movant has not placed proof in the record, but also that the movant will be unable to offer proof at trial. Accordingly, in general, a summary judgment movant cannot merely point to the non-moving party's lack of evidence to support its initial burden of production if discovery has not concluded.

Ralston v. Yim, 129 Hawai'i 46, 60-61, 292 P.3d 1276, 1290-91 (2013) (citations omitted).

Applying these principles to the instant case, HPU did not satisfy its initial burden of production as a summary judgment movant. HPU had the option of either putting forth affirmative evidence, or showing that Cateil could not carry her burden of proof at trial. HPU did neither. Instead, HPU "merely point[ed] to the non-moving party's [(Cateil's)] lack of evidence to support [her] initial burden of production," id., for

3

instance, by arguing that Cateil failed to allege that there was a valid, enforceable contract between HPU and Cateil and thus failed to establish that HPU owed her a legal duty.

Accordingly, the circuit court erred in granting HPU's motion. Because HPU failed to meet its initial burden of production, we need not reach the issue of whether the circuit court erred by granting summary judgment before granting Cateil's request for a continuance to conduct discovery pursuant to HRCP Rule 56(f).

Based on the foregoing, we vacate the circuit court's "Amended Judgment," filed on May 27, 2016, the "Order Granting in Part and Denying in Part Defendant Hawai'i Pacific University's Motion for Partial Dismissal of Plaintiffs' Complaint (Filed May 12, 2015)," filed on August 26, 2015, and the "Amended Order Granting in Part and Denying in Part Plaintiff Paz Cateil's Motion for Reconsideration of Order on Defendant's Motion for Partial Dismissal, or, in the Alternative for Rule 54(b) Certification," filed on December 30, 2015, and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 29, 2018.

On the briefs:

Wayne M. Sakai,
Michiro Iwanaga,
and Max J. Kimura,
(Sakai Iwanaga Sutton
Law Group),
for Plaintiff-Appellant.

April Luria,
and Jodie D. Roeca,
(Roeca Luria Shin)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

4